IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DONALD MINNIFIELD,  
      Petitioner,  
  -vs-  
UNITED STATES OF AMERICA,  
      Respondent(s).

2:05CV1066-T

CASE NO.:94-62-011

HONORABLE ANTHONY A. ALAIMO

---

**PRO SE EX PARTE EXTRAORDINARY SPECIAL MOTION UNDER RULE 60(b) WITH THE IMPLIMENTATION(S) OF 18 U.S.C. § 3582(c)(2) WITH MITIGATING FACTORS AND ESSENTIAL ELEMENTS THAT WARRANT AN EVIDENTIARY HEARING PURSUANT TO 18 U.S.C. § 3553(a) FOR A COMPLETE VACATION OF THE TERM IMPOSED AS A DIRECT RESULT OF NEWLY DISCOVERED EVIDENCE, INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE UNCONSTITUTIONAL U.S. SENTENCING GUIDELINES, INTER ALIA(S)**

---

NOW COMES DONALD MINNIFIELD, in pro se, to respectfully enter the above captioned case to correct the fundamental miscarriage of justice so implimented against him and guaranteed substantial Constitutional rights. Petitioner Minnifield submits this **Rule 60(b) EXTRAORDINARY SPECIAL MOTION** be held to less stringent standards as that of a licensed attorney at law for any inartful errers and or ommissions, timely preserving the right(s) to supplement and ammend this action with an Amicus Curia pursuant to 28 Code of Federal Regulations (C.F.R.) 68.17 and 68.33(3)(i). See., <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972)(per curiam).

As the contentions asserted within the instant **Rule 60(b)[inter alia]**, proceedingsubjudice raises several meritorious questions of constitutional, statutory, evidentiary, and procedural law and NEW LAW, Petitioner Minnifield would respectfully request this Honorable Court construe this reasonable <u>pro se</u> motion liberally, on it's own face, not to be misconstrude for any other motion than is stated herein, or previously introduced.

-1-

## SUBJECT MATTER JURISDICTION

Petitioner Minnifield, having exhausted many avenues, to wit, direct appeal, Habeas Corpus', COA's, introduces the instant action pursuant to **Rule 60(b) NEWLY DISCOVERED EVIDENCE, inter alia(s)**, reiterating factors previously abandoned due to misconduct, ineffetive assistance of counsel and judicial prejudices where relevant issues were and have been vindictively ignored, further prompting the ongoing miscarriages of justice. In as much, Petitioner Minnifield **impliments**, and supplements under **Rule 60(b)**, subject matter rights pursuant to **Title 18 U.S.C. § 3582(c)(2)**, as the United States Sentencing Commission has ammended the Sentencing Guidelines and explicitly found them to be unconstitutional. While the launguage of **§ 3582(c)(2)** indicates this Court has discretion in deciding whether to VACATE, SET ASIDE, AMMEDN, MODIFY or REDUCE a prison term, this properly filed **"Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)** must be **GRANTED.**

In addition, the Petitioner has direct subject matter jurisdiction in his assertions that First, the Court clearly imposed a term that is unconstitutional, as the Guidelines were and are unconstitutional, ans Second, the Court knows the Guidelines are no longer mandatory and must consider the foregoing factors listed in Section (§) **3553(a), therefore,** the Court must consider resentencing Petitioner under the Guidelines, i.e., within permissible **downward departures** authority, to impose a non-Guideline(s) sentence; in addition, the Sentencing Court is now also entitled to find all the <u>FACTS</u> (herein) appropriate for determining that Petitioner's sentence must be VACATED.

## STATEMENT OF THE FACTS

On or about the dates of March 29, 1994, June 6, 1994 and August 18, 1994, Petitioner Minnifield, with a number of many other named defendant's were the subject(s) of a superseding indictment. Petitioner Minnifield was charged in Count One with Conspiracy to possess w/intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §846; in addition, he was charged in Count Two with Engaging in a Continued Enterprise in violation of 21 U.S.C. §848(a); Count Five; Distributing Cocaine in violation of §841(a)(1).

On January 14, 1995, Petitioner Minefield, after pleading not guilty, was found guilty on all counts. On May 22, 1995, Petitioner was sentenced to life on Count Two, and 20 years on the remaining Three Counts to run concurrently. Accordingly **Petitioner Minefield** appelaed the unconstitutional conviction, yet it was affirmed on August 7, 1998; subsequently, Petitioner exercised his rights to collaterally attack his sentence and the district court denied him relief.

Petitioner Minefield timely submitted his Certificate of Appealability and this was denied on or about January 20, 2004; he in addition submitted a timely rehearing/rehearing en banc which was denied on March 5, 2005.

It is now Petitioner Minefields position that due to his **NEWLY DISCOVERED EVIDENCE** under **Rule 60(b)[inter alia(s)],** that this Court must adhere to each issue raised herein without prejudice or regarding this action in any compliance to former filings, and further, equalling judicial fairness, integrity and ethical culmination of the Supreme Court's rulings, and this Court being an example of decency, security and liberty alike.

**WHETHER THE COURT(S) ACTED VINDICTIVELY AND COMMITTED JUDICIAL UNFAIRNESS BY NOT GRANTING PETITIONER RELIEF RELEVANT TO THAT OF CO-DEFENDANT JERRY ARTIS WHERE IDENTICAL CLAIMS RAISED UNDER <u>RICHARDSON</u>, AND THE NEWLY DISCOVERED EVIDENCE BASED UPON THE <u>SWORN AFFIDAVIT</u> OF REGINALD CRAWFORD WARRANT THIS COURT TO REMAND THIS PETITIONER'S CONVICTION UNDER THE MITIGATING FACTUAL ACTUAL INNOCENCE TO VACATE THE UNCONSTITUTIONAL SENTENCE IMPOSED PURSUANT TO RULE 60(b) AND 18 U.S.C. § 3553(a)**

Specifically, and in an attempt to litigate these claims explicitly, Petitioner Minefield continues in asserting his <u>actual innocense</u> as not only being named as a co-conspirator to any of the governments charges in the indictment, but bears fruit to the <u>fact</u> that neither he nor the co-defendants named in the indictment are or were aquantied, nor did any of them conspire to conduct any illegal transactions therein. The Court is respectfully requested to closely review Petitioner's enclosedsworn affidavit, submitted under oath by none other than Reginald Crawford, whom, had counsel not been ineffective, would have testified as charactor witness to the facts that the governments case is frivolus and based on hearsay statements made by defendants out of proceeding(s). See., **EXHIBIT ONE.**

It is well within this Court's judicial discretion, and true integrity for justice to further review these factors and answers to the questions raised within the affidavit in open court to further bring an ends to justice, to simply ignore these claims would be unfair, vindictive and capricious with the Court now knowing this particular sworn type **newly discovered evidence** exist, and is a factor to consider under **3553(a)** where this Court can now find many appropriate facts for determining the Petitioner's motivation for justice and his delayed unconstitutional freedoms.

In addition and moreover, what carries even more weight and merit under **3553(a)**, as well as **18 U.S.C. § 3582(c)(2)** is the fact that this Court now has subject matter jurisdiction and soul discretion to exercise is authority to immediately remand Petitioner's conviction due to the exstringent **undue hardshios, unfairness and extraordinary FACTUAL INNOCENSE** brought herein under **Rule 60(b)(6)**, where on February 9, 2004, a full year prior to Petitioner's co-defendant, **Jerry Artis**. Accordingly, Petitioner Minefield submitted to this very Court a Certificate of Appealability pursuant to 28 U.S.C. §2253(c)(1)(B). It was Petitioner's claims all along (COA §2253), that the Supreme Court's decision under **Richardson v. United States, 526 U.S. 813 (1999)("requiring that juries must unanimously agree on which specific predicate violations make up the continuing series of violations")** that his CCE conviction should be VACATED.

The unfair prejudice came in where on January 19, 2000, co-defendant Jerry Artis filed his §2255, this motion was handled by none other than this very Court (Judge Alaimo), whom GRANTED Artist' motion and further, vacated the CCE conviction. The Court clearly showed extraordinary prejudice and hardships where Petitioner filed his §2255 motion before the very same Court (Judge Alaimo) over **six months prior to Artis'** §2255 motion, where not only the **same identicle issues were raised,** but Petitioner Minefield was severely prejudiced with ineffective assistance of counsel during the most critical stages of his trial proceedings prior to all these facts which still and furthermore, due to the Supreme Court's rulings, have even more merit today......right now.

It should clearly **not be ignored** that Petitioner and Artis were tried together, and that the jury instructions identical in everyway. As a matter of the facts, Petitioner Minefield claimed, just as Artis did that the jury <u>could</u> <u>not</u> have determined unanimously what three violations has been commótted, referring to **Richardson**. See., [**brief on appeal-COA page 5-8**]. After Artis was resentenced [the Court reinstated the drug conspiracy, and imposed a Life imprisonment]; he claimed an **Apprendi** violation ("other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonalbe doubt"). **530 U.S at 490, 120 S Ct. at 2362 (2000).** See **Artis**, **358 F.Supp. 2d 1094, at 1098-99 (2005).** The court-on objections to the newly imposed sentence- vacated the Life sentence and ordered Artis to be resentenced under §841(b)(1)(C).

It is wisely and clearly factually extraordinary that the eleventh Circuit was not aware of Judge Myron Thompson's decison to resentence Artis, and the CCE conviction that was ultimately vacated four years previously to the ruling by this Court against the Petitioner's rehearing/rehearing en banc that was decided against Minefiled on March 5, 2005. It is certainly an inherent miscarriage of justice to allow Minefield's CEE conviction to remain intact, and it is furthermore a default in judgement based upon the facts, and is without any doubts extraordinary exceptional circumstances of actual innocense under **Rule 60(b)(6).**

In as much, this action is ascerted under the Federal Rules of Criminal Procedures **Rule 60(b)(6)** for the extraordinary circumstances not only mentioned thus far, but for the factual **NEWLY DISCOVERED EVIDENCE** clearly under presedent(s) of major importances following <u>Jones</u>, <u>Apprendi,</u> and <u>Ring</u>, came the Supreme Court's encounter with the matter of <u>Blakeky v. Washington</u>, **124 S. Ct. 2531 (2004),** where the Supreme Court clarified it's precedent holding in <u>Apprendi</u> as to the true and prevailing definition of the term "statutory maximum" for purposes of Sixth Amendment implications and sentencing limitations in which Petitioner Minefield ask this Honorable Court to properly reverse it's judgment against.

Petitioner Minefield further ascerts that the availability of Federal Rules of Civil Procedure 60(b) motions as the foregoing does properly challenge the integrity of the final order entered in his habeas corpus proceedings because these claims have instant merit and this action certainly asserts new <u>constitutional</u> <u>claims</u> with the preservations NOTICE to amend pursuant to 18 U.S.C. § 3582(c)(2).

WHEREFORE, Petitioner Minefiled's claims are indeed cognizable and clearly state a claim upon which relief can be granted, and he moves this Court to reverse his conviction.

### WHETHER APPRENDI, RING, BOOKER/FAN FAN ARE NEW RULES OF CONSTITUTIONAL LAW THAT MUST BE APPLIED AS NEWLY DISCOVERED PRESERVED EVIDENCE PER THE SUPREME COURT'S AUTHORITY TO CORRECT PETITIONER'S FUNDAMENTAL MISCARRIAGES OF JUSTICE PURUSANT TO 18 U.S.C. §3553(a), 18 U.S.C. §3582(c)(2), inter alia's

Petitioner Minefield contends that the court abused it's discretion to impose the term it has based on the fruit of the poisonous tree by virtue of his Sixth Amendment rights, as well as his First, Fourth, Ninth and Fourteenth Amendment rights.

It's clear and many court have held that decisions in this circuit whom addressed retroactivity of **Apprendi** under **Teauge v. Lane**, 489 U.S. 288 (1989); **U.S. v. Moss**, 137 F. Supp. 2d 1249 (D. Kan; 2001); thus, this Court is requested to make such findings so addressed herein and grant the relief requested by the Petitioner.

As a matter of law and essential mitigating factors to why and how this Court should vacate the instant conviction at this juncture are the following:

(a) The United States Sentencing Guidelines are no longer mandatory; thus, the United States Sentencing Commission has voted and adhered these principles.

(b) A sentencing Judge must consider the Guidelines and all factors listed in Section 3553(a), to which due to Petitioner's ineffectiveness of counsel deprived him from a fair outcome of his proceedings and filings due to the conflicts of interest.

(c) Consideration of the Guidleins will normally require determination of the arguably applicable ranges, or at least identification of the arguable applicable ranges.

(d) The Court should make a clear cut finding and consideration of applicable policy statements as they are relied on today under the new rules of procedure(s) to be commenserate with the proper standings of the Supreme Court.

(e) The Court in this case must compare the relief granted Jerry Artis as the Petitioner is not only entitled to the same reductions but moreover, an immediate VACATION of his term as a result of Sixth Amendment violations. See **Crawford v. Washington**,(No.02-9410); **Lilly v. Virginia**, 527 U.S. 116, 134 (1999), and Petitioner has clearly supported more than three prongs of counsels ineffectiveness under **Strickland v. Washington**, 466 U.S. 668 (1994); where had it not been for counsel's failure to call particular witnesses, inter alia, the outcome certainly would have been different.

(f) Finally, the Court must take into consideration the Newly Discovered Evidence as to the annexed affidavit where the witness should have the right to testify on behalf of the Petitioner (**EXHBIT ONE**), because the answers of **Reginald Crawford** are factual and place the Court in position to allow the truth to be made in correcting this miscarriage of justice against Petitioner Minefiled.

Based even purely upon **EXHIBIT ONE** this Court should now decide that collectively all the foregoing certainly warrant a new trial hearing, or moreover, that the term imposed is certainly unconstitutional because there exist many factors set forth in 3553(a), whether there was an error in the term imposed under the Guidelines, and the fact this Court is dealing with an individual under **ACTUAL INNOCENCE**, and the Petitioner herein preserves this claim for further argument pending the granting of the entitled to new trial.

This Court is now entitled and has judicial subject matter jurisdction to find all the facts appropriate for determining either a Guidelines Sentence error(s), Ineffective Assistance of Counsel, Non-Guideline Sentence and factual Actual Innocence, because the Petitioner'c claims have merit and are indeed factual.

It is obvious that the Court <u>today</u> should be fully aware and comprehend the importance of the Supreme Court's opinions of the Sentencing Guidelines calculation, but also, rather, it shall perform the task it now feels it has to make in <u>correcting</u> the unconstitutional term imposed.

At the previous sentencing, it appears that the Court has a sentence in mind and needed to come up with a Guideline calculation that had a corresponding sentecing range that came as close as possible to the term of imprisonment it wanted to impose.

This <u>today</u>, is <u>NOT</u> what the Supreme Court has in mind when it made the Guidelines now advisory. This NEWLY DISCOVERED EVIDENCE alone clearly has merit today under Rule 60(b), 3553(a) and all sentencing factors when the U.S. Sentencing Commission has clearly amended the Guidelines that clearly in this particular case, make the amendment retroactive.

For the sentencing court to treat the prior unconstitutional calculations of a Guidelines Offense Level as an obligation [particuarly in light of Petitioner's being erroniously 42 (+2 w/weapon], rather than as a guide as they are now intended to be utilized, is and would remain to be erronious and unreasonable and requires remand for resentencing per only a downward departure and VACATION.

Even if the Petitioner were to agree with the district court's guidelines calculations per the PSR (Which we vehemently contend were erronious), Mr.Minefiled's sentence was substantially higher and moreover, he is ACTUALLY INNOCENT, thus this Court should properly correct this miscarriage of justice pursuant to all the foregoing Newly Discovered Evidence supported by the unconstitutional errers so implimented in his unlawful sentence amended by the U.S. Supreme Court's opinions.

Because of these factual merits, to include specifically the annexed exhibits, Guidelines corrections, ineffective assistance of counsel, absence of proper cross examinations or calling of witnesses on behalf of Petitioner Minefiled, this Rule 60(b) adheres and is proposed as an conjunctional Motion under 18 U.S.C. §3582(c)(2).

Such ammendments are explicitly voted to be retroactive, and while the launguage of §3582(c)(2) indicates that the Court has discretion in deciding whether to reduce, modify, revers or vacate the term imposed by all the meirits properly raised herein, this motion (§3582(c)(2))<u>**IS PROPER AND MERITORIOUS**</u>, and must be <u>**GRANTED**</u>.

It is herein the Petitioner's respectful request that this Honorable Court would adhere to all the foregoing, **ignoring no grounds or facts mentioned** and specifically **GRANT** the Petitioner a new trial, with the right to amend, correct, cross examin and reintroduce into the court Newly Discovered Evidence on the record, with competent counsel, or that the Court would without delay VACATE the unconstitutional miscarriage of justice.

## PRAYER

**WHEREFORE,** The distinction lies in the harm rendered to the Petitioner and he has rendered a judicially fundamentally sound argumentational action and because this action is designed and is specifically supported by (1) Petitioner's claims that'rel[y] on a new rule of constitutional law, and (2) he has clearly raised claims that rely on a rule of constitutional law and is based on evidence that 'could not have been discovered previously through the exercise of due diligence' and would have established his actual innocence because under all the factors herein with the convincing evidence......no reasonable factfinder would have found Petitioner guilty of the underlying offense as it unconstitutionally stands today.

**WHEREFORE,** for all the foregoing reasons this Court should **GRANT** the Petitioner's Motion under Fed. R. Civ . P. 60(b).

Respectfully submitted,

Don R. Minefield
Donald Minefiled, 09298-002
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

On this 28 day of October, 2005.

cc:enclosures:**EXHIBIT ONE**

## CERTIFICATE OF SERVICES

This is to certify that a true ans exact copy of all the foregoing has been mailed, U.S.Postage pre-paid, to the below listed officials, with the appropriate number mailed to the Clerk of Court for the Middle District of Alabama, Debra P. Hackett, One Church St, P.O. Box 711, Montgomery, Alabama, 36101-0711, to initially hand deliver this EX PARTE SPECIAL MOTION to **THE HONORABLE ANTHONY A. ALAIMO**, then to:

Charles Teschner, AUSA
One Court Square, Suite 201
P.O. Box 197
Montgomery, AL 36104

Charles M. Law, Esq
P.O. Box 2121
Montgomery, AL 36103

Lori Pridgen
United States Probation Office
Montgomery , Alabama

By: _Don R. Minefield_
Donald Minefield / 09298-002
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

On this _28_ dqy of _October_ ,2005; I am/have supplied the Clerk of Court the appropriate number of copies (and one to stamp/file and return) for proper <u>sua sponte</u> relief to all the foregoing.