IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv1066-MHT |
| | ) | (WO) |
| DONALD MINEFIELD | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Pro se ex parte extraordinary special motion under Rule 60(b) with the implimentation(s) (sic) of 18 U.S.C.A. § 3582(c)(2) with mitigating factors and essential elements that warrant an evidentiary hearing pursuant to 18 U.S.C.A. § 3553(a) for a complete vacation of the term imposed as a direct result of newly discovered evidence, ineffective assistance of counsel, and the unconstitutional U.S. Sentencing Guidelines, inter alia(s)*," filed by federal inmate Donald Minefield[1] ("Minefield") on October 28, 2005 (Doc. # 1).[2] Minefield challenges the prison sentence imposed in 1995 following his conviction for engaging in a continuing criminal enterprise, and distribution of cocaine. For the reason now discussed, the court concludes that he is not entitled to any relief.

---

[1] Throughout the pleadings and criminal history of this defendant, Minefield's name has been spelled Minnifield, Minifield, and Minefield. The defendant signs his name Minefield and the minutes from the trial reflect that Minefield is the correct spelling of his name.

[2] Although Minefield's motion is date stamped "received" on November 3, 2005, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, October 28, 2005, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

**DISCUSSION**

Minefield contends that because his 1995 sentence was enhanced based on facts not found by the jury, it violates the recent holdings in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). *See Doc.* # 1 at 1. He asserts that this court has jurisdiction to entertain his motion to modify his sentence pursuant to 18 U.S.C. §3582(c)(2), which authorizes a district court to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission. Presumably, Minefield cites the latter statute in the belief that the remedial holding of *Booker* – that the Sentencing Guidelines must be considered as advisory rather than mandatory – constitutes a lowering of the sentencing range such as to allow the district court to determine whether a reduction of his sentence (imposed pre-*Booker*) is warranted under § 3582(c)(2). The Eleventh Circuit, however, has held that because "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission," *Booker* is "inapplicable" to motions under § 3582(c)(2). *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Therefore, Minefield fails to show that § 3582(c)(2) provides a basis for him to seek a sentence reduction.

The claims asserted by Minefield in his motion attack the fundamental legality of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded

2

by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Minefield seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. Thus, this court construes his present pleading as a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*. This is the second § 2255 motion filed by Minefield attacking his 1995 sentence. This court denied his initial § 2255 motion, filed on November 29, 1999, deciding all claims adversely to Minefield. *See United States v. Minefield*, Case No. 2:94cr62-MHT - Doc. # 1634 - *June 13, 2003 Recommendation of the Magistrate Judge* (adopted as Judgment of the court by final order of July 30, 2003, Doc. # 1687).

3

A second or successive § 2255 motion in the district court requires the movant first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;[3] or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[4] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Minefield has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Minefield's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

---

[3] Minefield argues that he is actually innocent and he has newly discovered evidence that necessitates the granting of a new trial and the vacating of his sentence. Minefield presents no reason why he cannot present this evidence to the appellate court. The court notes, however, that Minefield's actual innocence claim in his initial § 2255 motion was decided adversely to him and that the Eleventh Circuit, on direct appeal, found the evidence of his guilt overwhelming. Nonetheless, Minefield is required to first present this evidence to the Eleventh Circuit Court of Appeals and receive certification authorizing this court to consider this claim within the context of his § 2255 motion.

[4] Minefield asserts that the holdings in *Booker* and *Blakely* should be applied retroactively to his case. *See* Doc. # 1 at 7-8. However, the Eleventh Circuit has held that neither *Booker* nor *Blakely* is retroactively applicable to cases on collateral review. *See In re Anderson*, 396 F.3d 1336 (11th Cir. Jan. 21, 2005); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Minefield on October 28, 2005, be denied and this case dismissed, as Minefield has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 7, 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 25th day of May, 2006.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE