IN THE

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

|  |  |
|---|---|
| DONALD MINEFIELD,<br>    PETITIONER,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    RESPONDENT. | )<br>)<br>)   CIVIL ACTION NO. <u>2:05cv1066-MHT</u><br>)<br>)<br>)<br>)<br>) |

## PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT
## OR IN THE ALTERNATIVE NOTICE OF APPEAL

COMES NOW THE PETITIONER, Donald Minefield, acting In Propria Persona, in the above entitled matter respectfully request that this Honorable Court will alter or amend their judgment pursuant to **Rule 59(e), of the Federal Rules of Civil Procedure, or in the alternative Notice of Appeal pursuant to the Rule 4(a) of the Rules Of Appellate Procedure,** and in support of the petitioner's Motion under Rule 60(b)(4) and (6) was denied based upon a sua sponte order wherein the court improperly re-characterized the motion as a successive 2255 petition.

After a review of the court's final judgment dated on or about June 16, 2006, the petitioner is forced to contend that

(1)

it contained all from and very little substance. It is apparent that the court has improperly recharacterized the petitioner's motion that was filed on or about October 28, 2005, as a second or successive § 2255 petition. Now the petitioner hereby states as Follows :

## CONSTITUTIONAL PROVISIONS INVOLVED

The instant motion seeks to cure a manifest injustice inflicted upon this petitioner, wherein the petitioner's Fifth Amendment right to **Due Process** and Sixth Amendment Right, to **Constructive Assistance of Counsel,** have been violated.

## THE REASONS WHY THIS HONORABLE COURT SHOULD HAVE CONSTRUCE PETITIONER'S MOTION AS A 60(b)(4)and(6) WITH THE IMPLIMENTATION (S) OF 18 U.S.C. § 3582(c)(2) THAN MISCONSTRUCE PETITIONER'S MOTION AS A SECOND OR SUCCESSIVE § 2255 PETITION.

The petitioner contends that the court should not have construced his motion that was file on October 28, 2005 as a second or successive motion under § 2255, because petitioner's request was entirely consistent with Congress' clearly stated intent in drafting and enacting the statute, **18 U.S.C. § 3582(c)(2), Modification of an imposed term of imprisonment,** which reads in relevant part, "**in the case of a defendant who has been sentenced to a term of imprisonment based on a Sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant---the court may reduce the term of imprisonment---if such a reduction is consistent with applicable policy statements issued by the**

(2)

Sentencing Commission." The request also was entirely consistent with Motions under 60(b)(4) and (6) which are not limited as are motion's under the other provisions of Rule 60(b). [See: BRILEY v. HILDAGO, 981 F. 2d 246; and PERALTA v. HEIGHTS MEDICAL CENTER, 485 U.S. 80; 108 S.Ct. 896; 99 L.Ed. 2d. 75]

As to the meaning of viod judgment, professor Moore states it rather succinctly in 7 MOORE'S FEDERAL PRACTICE, at ss: 60.25 [2]. In order for a case to present a valid judgment it must possess Two(2) prerequisites.

[1] That the court have jurisdiction over the subject matter.
[2] That the court lacks jurisdiction over the parties then the judgment is void.
[See: STOLL v. GOTTLIEB, 305 U.S. 165; 59 S.Ct. 134; 13 L.Ed.2d 104; and COALITION OF BLACK LEADERSHIP v. CRANE, 570 F.2d 12].

Professor Moore goes on to state that clause Six(6) of Rule 60(b) (6) is a statement of residual power, and permits a motion to be made for any jurisdictional reason justifying relief. See: 7 Moore's Federal Practice ss: 60.27 [2].

Rule 60 (b) (6) is a extraordinary remedy for exceptional circumstances such as those in the instant motion filed on October 28, 2005, when a party is unable to obtain relief through the usual legal procedures.(See IN RE: ZIMMERMAN, 869 F.2d 1126; and Klapprott v. U.S., 335 U.S. 601; 69 S.Ct. 384; 93 L. Ed. 2d 266).

An order denying relief under Rule 60 (b) is a final order and as such is appealable. (See: HINES v. SEABOARD AIRLINE R.R. Co., 341 F. 2d 229).

The court, under any theory violated due process in it's

(3)

**sua sponte** decision and recharacterization petitioner's motion as a second or successive § 2255 petition as the court offered the petitioner no notice to amend his motion pursuant to **Rule 15 , of the Federal Rules of Civil Procedure** of it'd impending recharacterization as many circuits have held is a minimal requirement of due process. (See: U.S. v. RAINERI, 233 F.3d 96; U.S. v. ADAMS, 155 F.3d. 582; U.S. v. MILLER, 197 F.3d 644; U.S. v. GODDARD, 170 F.3d 435; and U.S. v. O'CONNOR, 133 F.3d. 548-550).

Accordingly, a section 3582(c)(2) petition is the only remedy mechanism available to the petitioner to challenge, as clearly occurred here, where the Federal Sentencing Guidelines is "now advisory". Since Booker, supra, has struck down the "mandatory application" of the Guidelines, all the guideline range have been "subsequently lowered" by virtue of the Booker decision.

The court in it's opinion has truly misconstruced petitioner's motion as a motion pursuant to 28 U.S.C. § 2255, because the petitioner would not be entitled to the remedy he seeks because the statute of limitation for filing of a § 2255 motion has run and this would represent a second or successive such motion.

Without belaboring this issue, a review of the petitioner's motion pursuant to Rule 60 (b) with the implimentation of Title 18 U.S.C. § 3582(c)(2), and the reasoning therein reveals that the court was incorrect in trying to misconstruced the petitioner's motion as a motion pursuant to 28 U.S.C. § 2255, that petitioner must seek permission from the Court of Appeals for the 11th Circuit for a second or successive motion. As correctly stated by the Court, the AEDPA provides for one of four specific situations under which

an individual may seek collateral relief within a one(1) year period. Naturally, the date of the petitioner's submission of his collateral action was well within the one year limitation subsequent to the date that his criminal action became final. However, it was not this date which the court alleged controlled petitioner's ability to submit this action. If thisHonorable Court should consider petitioner's motion pursuant to 18 U.S.C. § 3582(c)(2) as a § 2255, the petitioner contends that his ability to submit his Section 2255 action was governed by Subsection (3) and (4) of the AEDPA. Subsection (3) provides for an indivdual the ability to submit a request for collateral relief one year from the date in which a right asserted in his action was recognized by the Supreme Court as a new right that was made retroactively applicable to cases on collateral review. subsection (4) allows an individual to submit a claim for collateral relief one year from the date in which facts supporting an otherwise untimely claim could have been discovered through the exercise of due diligence.

    The petitioner clearly asserts that if and when this Honorable Court decide to construct petitioner's § 3582(c)(2) as a section 2255 action that while his request for collateral review was clearly well past the one year limitation sebsequent to the final disposition of his case, he was nevertheless well within the one year limitation with respect to the enactments of the new laws or legal precedent by the Supreme Court which was, for all intents and purposes, retroactively applicable to

to his case, as well as one year from the discovery of new evidence which demonstrates not only petitioner's actual innocence but also the clear absence of the court's subject-matter jurisdiction which was previously unknown to him and only uncovered after his due diligence.

In the court's opinion to petitioner's motion , the court fails to properly respond to the petitioner's basis authority with respect to the merits of his motion, as well as to § 3582(c)(2), and instead elects to simply states that the petitioner **has failed to obtain the requisiteorder from the Eleventh Circuit Court Of Of Appeals authorizing a successive § 2255 motion**.

The petitioner states that this contention the Court does not have the authority to misconstruct the petitioner's motion without allowing the petitioner to amend his motion pursuant to **Rule 15, Federal Rules of Civil Procedure.**

Finally, petitioner asserts that by invoking Section 3582(c)(2), Petitioner should avoid the retroactivity "trap" laid in **Schriro v. Summerlin, supra**. Section 3582(c)(2) clearly does not trigger the habeas provisions of the Anti-Terrorism and Effective Death penalty Act ("AEDPA") or **Schriro v. Summerlin's** retroactivity trap.

## CONCLUSION

**WHEREFORE**, it is the prayerful and respectfully request of the petitioner that this Honorable Court will alter or amend it's judgment to this case entered on the 16th day of June, 2006, or in the alternative note the petitioner's notice of appeal to the judgment entered on the 16th day of June, 2006, and/or other-

(6)

wise <u>ORDER</u> that a evidentiary hearing be held in this matter, as well as any and all other relief that this Honorable Court in its wisdom, deems, just and proper.

Dated: 7-14-2006

                              Respectfully submitted,

                              DONALD MINEFIELD # 09298-002
                              USP-HAZELTON
                              P.O. BOX 2000
                              BRUCETON MILLS, WV 26525

                              PETITIONER IN PRO-SE

### CERTIFICATE OF SERVICE

I hereby certify that one(1) true photocopy of the foregoing action was on this ___14___ day of July, 2006, mailed to the following by certified mail receipt no _____ _____ to;

CHARLES TESCHNER, AUSA
ONE COURT SQUARE, SUITE 201
P.O. BOX 197
MONTGOMERY, AL 36104

                              DONALD MINEFIELD #09298-002